UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER MARIE BRENNAN, | : | 3:05-cv-2560 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TRAVIS SCOTT NICKEL, | : | Hon. John E. Jones III |
| Defendant. | : | |

**MEMORANDUM**

**November 23, 2011**

This matter is before the Court upon the parties' responses to our January 14, 2009 order which requested briefs detailing the effect of the defendant Travis Nickel's ("Defendant") bankruptcy discharge on the pending civil action. Having reviewed the parties' submissions and the filings in the bankruptcy proceedings, we shall dismiss the complaint.

**I.    BACKGROUND**

Plaintiff Heather Marie Brennan ("Plaintiff") commenced this action with the filing of a complaint on December 12, 2005 ("Civil Action"). (Doc. 1). On June 12, 2006, Defendant submitted notice that he had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio at case number 1:06-BK-11646 ("Bankruptcy Action"). (Doc. 10). On June 12, 2006, the Court stayed this civil action pending resolution of the bankruptcy

1

proceeding.  (Doc. 11).

Defendant's May 31, 2006 bankruptcy petition listed Plaintiff as a non-priority unsecured creditor with a total disputed claim of $130,000.  (Bankruptcy Action, Doc. 1 at 19).  Specifically, on the "Statement of Financial Affairs," Defendant listed two disputes involving the Plaintiff: (1) the present civil action listed as a "pending civil lawsuit for money damages," and (2) a judgment obtained by the Plaintiff in Scioto County, Ohio listed as an "execution filed to obtain personal property in judgment for money action" ("Ohio Judgment").  (*Id*. at 27).

On September 8, 2006, Plaintiff filed an adversary action in the Bankruptcy Court for the Southern District of Ohio at case number 1:06-AP-01254 ("Adversary Action").  Plaintiff's adversary action sought, pursuant to 11 U.S.C. § 523(c), to determine the dischargeability of Defendant's debts from the Ohio judgment and the present civil action, and, pursuant to 11 U.S.C. § 727(a), to object to the discharge of Defendant's bankruptcy.  On March 19, 2008, Plaintiff filed an unopposed motion for summary judgment in the adversary action. (Adversary Action, Doc. 60).  Plaintiff's motion stated that she and the Defendant had reached a settlement agreement in the amount of $4844, but the parties had yet to agree to an award of post-judgment interest.  (*Id*.).  Notably, the agreement required the Plaintiff to "file a notice of dismissal in the Pennsylvania Middle

District Court" and to refrain from filing "any other lawsuits against Defendant pertaining to fraud, identity theft, and personal injury or lawsuits pertaining to the past relationship between Plaintiff and Defendant."[1]  (*Id*. at ex. 1).  The motion requested that the Bankruptcy Court "grant this motion for summary judgment in the amount of $4844.00 plus interest at a rate determined by [the Bankruptcy Court] *and* lift the stay on matters pending in Pennsylvania."  (*Id*.) (emphasis added).

Defendant did not file a response or opposition to Plaintiff's summary judgment motion.  On April 15, 2008, the Bankruptcy Court granted Plaintiff's motion for summary judgment in the adversary action.  The court's order states in its entirety:

> This adversary proceeding arises in Chapter 7 bankruptcy Case  No. 06-11646, in which the debtor is Travis S. Nickel. Debtor is the defendant in this adversary proceeding.  The plaintiff in this adversary proceeding is a creditor who claims that her debt is nondischargeable. She has a judgment against the defendant in the amount of $4,844.00. Now before the Court is plaintiff's Motion for Summary Judgment. Defendant has not opposed the motion.
>
> Judgment in that amount is granted to plaintiff.  Pursuant to 28 U.S.C. §1961, plaintiff is entitled to post judgment interest at the federal funds rate which is 1.63%.

---

[1] It is notable that the action filed in this Court was identical to the adversary proceeding filed in Ohio and involved the same set of facts and circumstances.

(Adversary Action, Doc. 62).  On September 17, 2008, the Bankruptcy Court

granted Defendant a discharge pursuant to 11 U.S.C. § 727.  The court's order

states in its entirety:

> It appearing that the debtor is entitled to a discharge,
>
> IT IS ORDERED:
>
> The debtor is granted a discharge under section 727 of title 11, United
> States Code, (the Bankruptcy Code).

(Bankruptcy Action, Doc. 24).  On that same date, the Bankruptcy Court closed the

adversary action.  (Adversary Action, Sept. 17, 2008 docket annotation).  On

December 3, 2008, the Bankruptcy Court discharged the trustee and closed the

bankruptcy case.  (Bankruptcy Action, Dec. 3, 2008 docket annotation).

## II.   DISCUSSION

By order of January 14, 2009, the Court requested Plaintiff and Defendant to

submit briefs addressing the effect of the disposition of the bankruptcy proceedings

on this action.  (Doc. 15).  Defendant argues that the judgment granted to the

Plaintiff in the adversary action did not include Plaintiff's requests with respect to

this civil action, and that his debt was discharged in the bankruptcy action because

none of the exceptions to discharge in 11 U.S.C. § 523 applies.  (Doc. 16).

Plaintiff notes that her adversary action included a challenge to the dischargeability

of the debt from this action and that her summary judgment motion specifically

4

requested an order allowing this action to proceed.  She argues that summary judgment was issued on the whole action, and, therefore, the present civil action was not discharged in the bankruptcy proceeding.  (Doc. 17).

The present matter requires us to interpret the meaning of the Bankruptcy Court in its order granting summary judgment and its order granting discharge to the Defendant.  Although the matter is not free from doubt, we find that the order granting summary judgment enforces the settlement agreement reached by the parties, and the order granting discharge does not provide an exception for the present civil action.  We discuss each conclusion *infra*.

### A.    Effect of the Order Granting Summary Judgment

The order granting summary judgment to the Plaintiff does not elaborate upon the reasons why Plaintiff is entitled to relief nor does it specifically identify whether the relief requested by the Plaintiff is granted in whole or in part.  The orderly merely grants Plaintiff damages in the amount of $4844.00 and post-judgment interest of 1.63%.  However, the motion for summary judgment filed by the Plaintiff is more instructive.

Plaintiff's motion for summary judgment specifically requests two forms of relief: (1) judgment in the amount of $4844.00 plus interest at a rate determined by the court, and (2) relief from the automatic stay on matters pending in

Pennsylvania.  In demonstrating her right to summary judgment, Plaintiff relies upon the existence of the settlement agreement stating, "[s]ince Plaintiff and Defendant both agree that the $4844.00 is due to the Plaintiff, there is no need for a trial. . . . The only hindrance to a settlement is the issue of post-judgment interest." The "Agreed Journal Entry of Judgment" attached to the motion for summary judgment sets forth the terms of the settlement agreement, including the disputed post-judgment interest and provisions requiring the Plaintiff to "file a notice of dismissal in the Pennsylvania Middle District Court" and to refrain from filing "any other lawsuits against Defendant pertaining to fraud, identity theft, and personal injury or lawsuits pertaining to the past relationship between Plaintiff and Defendant."

Analysis of the foregoing documents reveals the Plaintiff's incongruous position: she specifically requests relief from the automatic stay in her motion for summary judgment in order to continue litigating the present civil action, but, to demonstrate her right to summary judgment, she relies on a settlement agreement that requires her to dismiss the civil action.  Therefore, assuming as we must that the Bankruptcy Court relied upon the settlement agreement in granting the Plaintiff's motion for summary judgment, we find that the Bankruptcy Court did not lift the automatic stay on the present civil action.

**B.     Effect of the Order Granting Discharge**

The order granting discharge states that the Defendant is granted a discharge pursuant to 11 U.S.C. § 727.  Section 727, however, excepts from discharge those debts listed in 11 U.S.C. § 523.  *See* 11 U.S.C. § 727(b).  Section 523, in turn, provides in relevant part:  "A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for money . . . obtained by false pretenses, a false representation, or actual fraud."  11 U.S.C. § 523(a)(2)(A).  However, in order for a creditor to take advantage of the nondischargeability provision of section 523(a)(2)(A), the creditor must seek a determination from the bankruptcy court that such debt is nondischargable.  *See* 11 U.S.C. § 523(c). 523(c) provides in relevant part,

> [T]he debtor shall be discharged from a debt of a kind specified in paragraph (2) . . . of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) . . . of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

There is no evidence that the Bankruptcy Court made the requisite determination that the present civil action is exempt from discharge.  Furthermore, construing the order granting summary judgment as an attempt to enforce the settlement agreement indicates that there would be no need to address the

7

dischargeability of the civil action because Plaintiff had agreed to dismiss the case. Accordingly, we find that the discharge order included the present civil action thereby eliminating any personal liability of the Defendant arising from these allegations and effectively barring any continuation of the civil action in this court.

## III.    CONCLUSION

Accordingly, based on the foregoing, the Plaintiff's complaint shall be dismissed.  An appropriate Order shall issue.